Filed 12/2/15  Dupont v. Glasgow CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| DONALD F. DUPONT, JR., et al., | C075034 |
| Plaintiffs and Respondents, | (Super. Ct. No. CVCV10-0000146) |
| v. | |
| J. C. GLASGOW et al., | |
| Defendants and Appellants. | |

Defendants J. C. Glasgow and Janet G. Glasgow, proceeding pro se, purport to appeal from (1) an order sustaining a demurrer to their cross-complaint without leave to amend, and (2) judgment following a bench trial in favor of plaintiffs Donald F. DuPont, Jr., Judith A. DuPont, and Bernard Peacock for declaratory relief, quiet title, and reformation of legal instruments.  Plaintiffs did not file a respondents' brief or otherwise respond to defendants' appeal.  As we shall explain, none of the contentions set forth in defendants' opening brief are properly before us.  Accordingly, we shall affirm the judgment.

1

The notice of appeal must "identif[y] the particular judgment or order being appealed." (Cal. Rules of Court, rule 8.100(a)(2).) "The notice of appeal must be liberally construed." (*Ibid.*) "This rule has been construed to mean a notice of appeal is sufficient if 'it is reasonably clear what appellant was trying to appeal from, and where the respondent could not possibly have been misled or prejudiced.' [Citation.]" (*Ellis Law Group, LLP v. Nevada City Sugar Loaf Properties, LLC* (2104) 230 Cal.App.4th 244, 251.) Here, the notice of appeal identifies "Judgment after court trial." The date of the judgment is not specified, and the box next to "Judgment of dismissal after an order sustaining a demurrer" is not marked. There is no judgment or order attached to the notice. The civil case information statement specifies that the appeal is from the judgment after court trial entered on August 23, 2013, a copy of which is attached to the statement. Under these circumstances, the only reasonable conclusion is that defendant is appealing from the "Judgment on Non Jury Trial" entered on August 23, 2013, which deals solely with the plaintiffs' claims against defendants and does not mention plaintiffs' demurrer to defendants' cross-complaint. Because the notice cannot reasonably be construed as including the order sustaining plaintiffs' demurrer to defendants' cross-complaint, we conclude that we lack jurisdiction to review defendants' claims on appeal related thereto.

Turning to defendants' claims related to the judgment entered on August 23, 2013, we note that defendants elected to proceed on a clerk's transcript and a limited reporter's transcript. In particular, we note that the reporter's transcript includes excerpts of testimony from some of the witnesses as well as the trial court's oral ruling.[1] Where, as

---

[1] While the trial court conducted a three-day trial, the reporter's transcript on appeal totals just 230 pages and is limited to excerpts of the testimony of Aaron Currie, Donald J. DuPont, Jr., Rebecca Bishop, and Jeffrey B. Mayne, and the trial court's oral ruling following trial.

here, the "appellant designates less than all the testimony, the notice [(under California Rules of Court, rule 8.121 designating a reporter's transcript)] must state the points to be raised on appeal; the appeal is then limited to those points unless, on motion, the reviewing court permits otherwise." (Cal. Rules of Court, rule 8.130(a)(2).) "We will not consider a contention not included in the specification of points to be raised in an appeal in which the appellant proceeds by partial transcript." (*Aspen Grove Condominium Assn. v. CNL Income Northstar LLC* (2014) 231 Cal.App.4th 53, 60 (*Aspen Grove*).) As we explained in *Aspen Grove,* "The policy in favor of deciding appeals on their merits is not undermined by holding [defendants] to [their] own choice of issues to raise on appeal." (*Ibid*.)

Here, defendants' notice identified three points:

"1. That the judge ruled on matters regarding style and format in Glasgow's [*sic*] pleading in their Cross-Complaint as a basis of findings.

"2. That all necessary elements of Glasgow's [*sic*] Causes of Action were present in their Cross-Complaint, albeit not in the usual elegant legal style accustomed to by the Court, but nonetheless, they were present in each Cause of Action.

"3. That the rejection of any of Glasgow's [*sic*] Causes of Action on grounds that they failed to allege facts sufficient for a Cause of Action was unjustified and that the document spoke for itself to a juridical mind seeking truth (substance) over form of presentation."[2]

The contentions identified by defendants pertain solely to their cross-complaint and the trial court's order sustaining plaintiffs' demurrer thereto. As detailed above, we lack jurisdiction to consider such claims because defendants failed to identify the order sustaining plaintiffs' demurrer to defendants' cross-complaint in their notice of appeal.

---

[2] Curiously, defendants' cross-complaint is not part of the record on appeal.

Moreover, under California Rules of Court, rule 8.130(a)(2), defendants failed to preserve their claims related to the judgment entered on August 23, 2013, by failing to identify such claims in their notice designating the record.

DISPOSITION

The judgment is affirmed.


/s/
Blease, Acting P. J.

We concur:


/s/
Mauro, J.


/s/
Hoch, J.

4